789 (105 S. E. 304); *Atlanta, Knoxville & Northern Railway Co.* v. *Strickland,* 114 *Ga.* 998 (41 S. E. 501); *Sapp* v. *Williamson,* 128 *Ga.* 743 (58 S. E. 447); *Dixon* v. *Hawkins,* 100 *Ga.* 5 (27 S. E. 188).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*

28340. GENTRY *v.* THE STATE.

MACINTYRE, J. The rulings in *Gentry* v. *State,* (28339), ante, are controlling on the issues in the present case. The judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*

DECIDED SEPTEMBER 28, 1940.

*Henry L. Barnett,* for plaintiff in error.

28459. GENTRY *v.* THE STATE.

DECIDED OCTOBER 1, 1940.

*Henry L. Barnett,* for plaintiff in error.
*J. H. Paschall, solicitor-general,* contra.

GARDNER, J. The second count of the indictment on which the defendant was convicted alleged that he did "have, control, possess, conceal, store, and convey vinous, malt, alcoholic distilled and spirituous liquors and beverages, as defined by the act of the General Assembly of Georgia, approved February 3, 1938, upon which the State tax and license fee due the State of Georgia had not been paid, and which did not bear the tax stamp required by the act of the General Assembly of Georgia approved February 3, 1938." Before pleading to the merits the defendant filed demurrers which he denominated a general demurrer and special demurrers to count 2 of the indictment. The general demurrer, which the court overruled, alleged in substance that the indictment was insufficient in law to charge an offense against the defendant. No exception was